# Commonwealth v. Shapiro, Appellant.

*Appeals—Assignment of errors—Evidence.*

An assignment of error charging that the court below "erred in overruling the objection of counsel for defendant to the admission of testimony of alleged disorderly acts committed subsequently to the date of the finding of the bill of indictment," violates Rule 14 in that it fails to indicate whether it refers to one or many bills of exceptions, and

also violates Rule 16, in that it fails to quote questions or offers, the ruling of the court thereon, and the evidence admitted, and does not refer to the page of the paper-book where the matter may be found in its regular order. Such an assignment must, necessarily, be dismissed.

Argued March 12, 1913. Appeal, No. 286, Oct. T., 1912, by defendant, from judgment of Q. S. Phila. Co., July Sessions, 1912, No. 179, on verdict of guilty in case of Commonwealth v. Michael Shapiro. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Indictment for keeping a disorderly house.

At the trial a verdict of guilty was rendered, upon which judgment of sentence was passed.

The only assignment of error is quoted in the opinion of the Superior Court.

*C. Stuart Patterson, Jr.,* for appellant.

*John H. Maurer,* assistant district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.

OPINION BY PORTER, J., April 21, 1913:

The single specification of error filed in this appeal is as follows: "The learned court erred in overruling the objection of counsel for defendant to the admission of testimony of alleged disorderly acts committed subsequently to the date of the finding of the bill of indictment." This specification offends against rule 14 of this court, in that it fails to indicate whether it refers to one or many bills of exceptions. The specification violates and absolutely disregards rule 16, in that being to the admission of testimony, it fails to quote the questions or offers, the ruling of the court thereon, and the evidence admitted, and does not refer to the page of the paper-book where the matter may be found in its regular order. This rule distinctly provides that: "Any assignment of error not according to this and the rule immediately pre-

ceding will be disregarded." The necessity for this rule has been well shown by our Brother ORLADY in the recent case of Com. v. Cummings, 45 Pa. Superior Ct. 211, where a number of cases in which the rule has been enforced are cited. The express terms of the rule require, therefore, that the specification of error must be dismissed.

The earnestness and ability with which the learned counsel for the appellant has argued the legal question, attempted to be raised by this assignment, has led us to carefully consider the testimony referred to in the argument. The testimony complained of was introduced in the examination of the witness Andrew J. Kincaid. The only occurrence which that witness testified to as having happened after the finding of the indictment was that, on a certain evening, he saw a number of persons, men and women, enter the hotel of the defendant; that the watchman of the hotel ordered such people out again, and that in obedience to the order they immediately came out. There was in this testimony nothing which suggested that there was any disorder accompanying the occurrence, or that the conduct of the defendant was either criminal or improper. Even if it be conceded that evidence of criminal or disorderly acts, occurring after the finding of the indictment, was not admissible; the testimony which was admitted did not tend to establish the existence of disorder or criminality, and its admission did the defendant no injury.

The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with so much of the sentence as had not been performed at the time the appeal in this case was made a supersedeas.